UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERRILL IRON & STEEL, INC.,<br><br>       Plaintiff,<br>vs.<br><br>YONKERS CONTRACTING COMPANY, INC./<br>TULLY CONSTRUCTION CO., INC./<br>A. J. PEGNO CONSTRUCTION CORP., ST.<br>PAUL FIRE AND MARINE INSURANCE<br>COMPANY and FEDERAL INSURANCE<br>COMPANY,<br><br>       Defendants. | Case No.: 05-cv-5042 (WHP) |

**MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION FOR REISSUANCE OF ORDER WITH
CERTIFICATION FOR INTERLOCUTORY APPEAL**

                 PECKAR & ABRAMSON, P.C.
                 546 Fifth Avenue, 17th Floor
                 New York, New York 10036
                 Tel: 212.382.0909
                 Fax: 212.382.3456
                 Attorneys for Defendants

Of Counsel:

   Michael S. Zicherman, Esq. (MZ6091)

## PRELIMINARY STATEMENT

Defendant, Yonkers Contracting Company, Inc./Tully Construction Co., Inc./A. J. Pegno Construction Corp., a Joint Venture ("YTP"), hereby submits this Memorandum of Law in opposition to the Motion filed by Plaintiff, Merrill Iron & Steel, Inc. ("Merrill"), to have this Court reissue its Memorandum and Order ("Order") dated September 19, 2006, certifying for appeal the issue of whether privity of contract is required for Merrill to present a claim under Article 3-A of the New York Lien Law.

Plaintiff's motion fails to address the specific requirements imposed by 28 U.S.C. 1292(b) and instead relies on the conclusory position that permitting such a certification for appeal would somehow "materially advance the ultimate resolution and termination of this litigation". (Merrill Mem. of Law, p2.). Based on the strict requirements imposed upon the district courts in certifying interlocutory orders, there is no reasonable argument that can be advanced to support granting Merrill's motion. Accordingly, Merrill's Motion should be denied.

## LEGAL ARGUMENT

### PLAINTIFF CANNOT SATISFY THE REQUIREMENTS NECESSARY FOR CERTIFICATION OF THIS COURT'S MEMORANDUM AND ORDER FOR AN INTERLOCUTORY APPEAL

Generally, a party may only seek leave to appeal from an interlocutory order of the district court, if the district court, in its discretion, certifies that the interlocutory order involves (1) a controlling questions of law, (2) as to which there is substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b); SEC v. Credit Bancorp, Ltd., 103 F.Supp.2d 223, 226 (S.D.N.Y. 2000). While such certification is discretionary, each of the three conditions set forth in §1292(b) must be met. See Primavera Familienstifung v. Askin, 139 F.Supp.2d 567, 569 (S.D.N.Y.2001).

In the present Motion, Merrill has failed to offer any arguments that it has satisfied one, let alone all three, of the conditions. Instead, Merrill bases its entire argument on language in the Order which merely recognizes that the New York Court of Appeals has yet to address the issue "as to whether a general contractor's fiduciary duties under Article 3-A extend to second-tier contractors such as Merrill" (Memorandum and Order, p. 14). However, a substantial ground for difference of opinion is not raised under the second prong of the 1292(b) test simply because the issue is a case of first impression to the Court of Appeals. See Flor v. BOT Financial Corp., 79 F.3d 281, 284 (2d Cir. 1996) (holding that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion). Nor, does some level or degree of disagreement in the courts automatically satisfy the requirements of 1292(b). See Transport Workers Union of America, Local 100 v. New York City Transit Authority, 358 F.Supp.2d 347, 354 n.27 (S.D.N.Y. 2005).

Rather, "[c]ertification is to be reserved for the exceptional case in which the law is fundamentally uncertain". Id. at 354.

While this Court noted some disagreement among the New York State courts as to the rights of a second-tier subcontractor under Article 3-A, the Order correctly points out that "the weight of the ... authority favors the view that only subcontractors with a contractual right to payment from the general contractor have standing to sue the general contractor under Article 3-A" (Memorandum and Order, p. 16). This Court has thoroughly analyzed and applied the 'weight of the authority' on this issue, and thereby already concluded that there is no 'fundamental uncertainty' in the law.

Notwithstanding, even if Merrill could arguably satisfy the second prong, it has failed to demonstrate, or even argue, that the Article 3-A issue involves a controlling issue of law in the present action or that an immediate appeal would somehow advance the litigation. This Court's Order did not deny Merrill the right to allege an Article 3-A claim, but explicitly granted Merrill leave to amend its complaint to assert such a cause of action. Nonetheless, the Article 3-A claim is just one of several causes of action seeking the same ultimate relief. As a result, the Order does not involve a controlling issue of law and it is inconceivable how an immediate appeal would advance this litigation.

Even if Merrill was able to establish that it could satisfy all three statutory requirements, certification still is only to be granted in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." Wausau Business Insurance Company v. Turner Construction Company, 151 F.Supp.2d 488, 491 (S.D.N.Y. 2001). Section 1292(b) was not intended to "open the floodgates to a vast number of appeals from interlocutory orders" and as a result, the Second Circuit has instructed the district courts to "exercise great care" in making

*Electronically filed*                                          3

a 1292(b) certification. <u>SEC v. Credit Bancorp, Ltd.</u> 103 F.Supp.2d at 226; <u>Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.</u>, 964 F.2d 85, 89 (2d Cir. 1992). Contrary to the intent of the statute, certifying this Court's Order would not avoid protracted litigation, but would in fact create protracted litigation, in that Merrill's motion papers state that if the motion is granted, it would seek leave to appeal to the circuit court and then move to have the circuit court certify the question to the New York Court of Appeals for briefing, argument and resolution. Thus, certification of the Order would only result in an inefficient use of judicial resources and cause further delay to the litigation.

Accordingly, not only has Merrill failed to satisfy the statutory requirements for certification, but it cannot demonstrate that this is an 'exceptional case' necessitating such a extraordinary procedural remedy.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion for Reissuance of Order With Certification for Interlocutory Appeal be denied.

Respectfully submitted,

PECKAR & ABRAMSON, P.C.
Attorneys for Defendants
By: __s/ *Michael S. Zicherman*__
MICHAEL S. ZICHERMAN
546 Fifth Avenue, 17th Floor
New York, New York 10036
Tel:   212.382.0909
Fax:   212.382.3456

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, a copy of the within Memorandum of Law was electronically filed with the Court, and:

*Served electronically on the following*:

Gary Hoppe, Esq.
Twomey, Hoppe & Gallanty LLP
757 Third Avenue
New York, New York 10017
hoppe@thgllp.com

*Served, by Federal Express overnight delivery, on the following*:

Scott R. Halloin, Esq.
Scott R. Halloin & Associates, S.C.
Cathedral Square
839 North Jefferson Street, Suite 503
Milwaukee, WI 53202

                                                  *s/ Michael S. Zicherman*
                                                  Michael S. Zicherman

Dated: October 20, 2006.